## TROW & HOLDEN *vs.* FORSYTH & INGRAM.

January Term, 1898.

Present:  ROSS, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Express or Implied Promise.*

The question was one of fact, whether the plaintiffs had furnished the
defendants with power in excess of that required by a lease between the
parties, and was properly submitted to the jury with instructions that
the plaintiffs were entitled to recover for any such excess, upon showing
an express or implied promise by the defendants to pay therefor.

ASSUMPSIT.  Trial by jury at the September Term, 1896,
Washington County, *Taft*, J. presiding.  Verdict and judg-
ment for the plaintiffs for $4.88.  The plaintiffs excepted.

*John W. Gordon* for the plaintiffs.

*Edward W. Bisbee* for the defendants.

TYLER, J.  The only question made by the plaintiffs in
respect to the account is upon the disallowance of their
charge of $475 for extra use of the derrick.

The case shows that the plaintiffs were granite tool
manufacturers, and tenants of the defendants' shops under
a lease, by the terms of which the plaintiffs were to furnish
the defendants with the necessary power, from the plaintiffs'
twelve horse power engine, to run the defendants' derrick
and two grind-stones and shafting for their business of
cutting and manufacturing granite.

The defendants had occasion, in the fall of 1890, to erect
an extra derrick, and the plaintiffs' evidence tended to show
that the use of power by the defendants in the operation of
the extra derrick was much greater than before its erection;
that the defendants communicated power to the extra
derrick through the old one, and that after the erection of
the new derrick, or the attachment to the old one, the latter

was sometimes used singly, but when in use, power was sometimes communicated through the two derricks. On the other hand the defendants claimed that they used no more power than the plaintiffs were bound to furnish by the terms of the lease, and their evidence tended to show that no more power was used when the two derricks were operated together than was used in the operation of the old derrick, including its use in dragging stone across the yard, which the plaintiffs claimed was improper as not contemplated by the contract.

The question was one of fact, whether or not there was an excessive use of power after the erection of the additional derrick, and it was submitted by the court to the jury under the instruction that the plaintiffs were entitled to recover upon showing an express or an implied promise by the defendants for all the power that was used in operating the derricks as modified by the erection of additional machinery —the second derrick; for what was used in excess of what would have been used if the derrick had not been employed for improper purposes; that the plaintiffs might recover for what power they furnished in excess of what they were required to furnish by the lease. The instructions covered every phase of the case so far as shown by the exceptions. The testimony of the witness Whitcomb—that in the use of derricks they sometimes had to drag stone in operating a granite yard—became immaterial in view of the fact that the court treated this as an improper use of the derrick.

*Judgment affirmed.*